IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE:

BRETT LEE WHALEY
CHRISTAL DAWN WHALEY
   DEBTORS

CASE NO. 10-39669-H2
CHAPTER 7 BANKRUPTCY

_____

BRETT LEE WHALEY
CHRISTAL DAWN WHALEY
   PLAINTIFFS

V.

ADV. NO.

KELSEY-SEYBOLD MEDICAL GROUP, PLLC
D/B/A KELSEY-SEYBOLD CLINIC
   DEFENDANT

**COMPLAINT FOR DAMAGES FOR VIOLATION OF THE AUTOMATIC STAY PURSUANT TO § 362(k)(1) AND/OR § 105 AND FOR ENFORCEMENT OF THE ORDER(S), RULE(S) AND INJUNCTION(S) OF THE COURT PURSUANT TO §105**

**TO THE HONORABLE BANKRUPTCY JUDGE LETITIA Z. PAUL:**

  Plaintiffs ("Mr. and Mrs. Whaley") would show the Bankruptcy Court as follows:

**NATURE OF THE CASE**

  1. Mr. and Mrs. Whaley filed for bankruptcy protection for many reasons. One of them was to escape the harassment of their creditors and have a more peaceful life. This suit is brought because although Defendant has been provided notice of Mr. and Mrs. Whaley bankruptcy, it has continued to demand payment for its pre-petition claims.

**THE PARTIES AND DEFINITIONS**

2.   "Mr. and/or Mrs. Whaley" shall mean Brett Lee Whaley and/or Christal Dawn Whaley respectively, who are the Plaintiffs in the above-stated adversary proceeding and the Debtors in the above-stated pending Chapter 7 bankruptcy. Mr. and Mrs. Whaley are individuals who are married and living together.

3.   "Defendant" shall mean Kelsey-Seybold Medical Group, P.L.L.C. who is the named Defendant in the above-stated adversary proceeding and is a scheduled creditor in the above-stated pending Chapter 7 bankruptcy.  Defendant does business under the assumed name Kelsey-Seybold Clinic. It is the intent of Mr. and Mrs. Whaley that the stated Defendant be served with a copy of the Complaint, summons issued and any orders or directives of the Court pursuant to Rule 7004 of the Rules of Bankruptcy Procedure.

4.   "Defendant's address" shall mean 8900 Lakes at 610 Drive, Houston, TX 77054.  This is Defendant's business office address and it is believed that Defendant receives correspondence at this address.

5.   "Defendant's preferred address" is that address submitted to this bankruptcy court by Defendant, intended to provide notice to Defendant in all cases under chapters 7 and 13 pending in the court with respect to which such notice is filed, in which Defendant is a creditor.  Defendant is allowed to provide notice of such a preferred address pursuant to 11 U.S.C. § 342(f)(1).  Mr. and Mrs. Whaley are not privy to this address.  Defendant's preferred address appears to be

an electronic address which is referred to as bankruptcy.filings@kelsey-seybold.com per the Certificates of Notice filed with the court in the bankruptcy.

6. "Account 7870" shall mean a medical debt incurred by Mrs. Whaley, and owed to Defendant, for the treatment of her daughter.

7. "Account 5959" shall mean a medical debt incurred by Mrs. Whaley, and owed to Defendant, for the treatment of her son.

8. "Bankruptcy" shall mean the Chapter 7 bankruptcy No. 10-39669-H2 filed by Mr. and Mrs. Whaley on October 29, 2010 in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

9. "Mr. Bivin" shall mean William W. Bivin and/or the staff of Mr. Bivin's law office, who are the attorney and law firm for Mr. and Mrs. Whaley in the bankruptcy.

10. "Trustee" shall mean Joseph M. Hill, or the Trustee assigned in the bankruptcy of Mr. and Mrs. Whaley.

11. "Collection practices or actions" shall mean the attempts to collect money and/or property from Mr. and Mrs. Whaley and/or the bankruptcy estate.

**JURISDICTION, CORE PROCEEDING, VENUE AND APPLICABILITY OF BAPCPA**

12. This Court has jurisdiction to consider the claims of this Complaint pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a).

13. The Court has the authority to enter a final order regarding this contested matter since it constitutes a core proceeding as contemplated by 28 U.S.C. § 157(b)(2) and any related proceeding pursuant to 28 U.S.C. § 157(c)(1).

14. This Bankruptcy Court is the proper venue for this adversary proceeding pursuant to 28 U.S.C. § 1409.

15. Since the above-entitled and numbered Chapter 13 bankruptcy was filed on October 29, 2010, BAPCPA applies to this adversary proceeding.

**THE FACTS AND BACKGROUND (STATED IN TIMELINE FASHION AS POSSIBLE)**

16. Prior to the filing of their bankruptcy, Mr. and Mrs. Whaley took their children to Defendant for medical treatment.

17. On April 29, 2010 and May 24, 2010, Mrs. Whaley, on behalf of one of her children, incurred charges on Account 7870.

18. On June 24, 2010, Mrs. Whaley, on behalf of one of her children, incurred charges on Account 5959.

19. On October 29, 2010 Mr. and Mrs. Whaley commenced the bankruptcy by the filing of a Chapter 7 petition pursuant to 11 U.S.C. § 301. The filing of this bankruptcy petition constituted an order for relief under 11 U.S.C. § 301.

20. The commencement of the bankruptcy created an estate that included, among other things, "all legal or equitable interests of the debtors in property as of the commencement of the case," pursuant to 11 U.S.C. § 541.

21. On October 29, 2010 Mr. and Mrs. Whaley filed a mailing matrix with the Bankruptcy Court that listed Defendant at Defendant's address.

22. On October 29, 2010 Mr. and Mrs. Whaley filed complete bankruptcy schedules with the Bankruptcy Court. Defendant has two pre-petition unsecured

4

nonpriority claims. The schedules included both pre-petition claims of Defendant on Schedule F.

23. On November 3, 2010 the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines was provided to Defendant by electronic means from the Court at Defendant's preferred address.  This notice contained the complete social security numbers of both Mr. and Mrs. Whaley.  This notice warned Defendant, in conspicuous language, against violating the automatic stay, and included the following language, "[i]f you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized".

24. On November 6, 2010, Defendant prepared and/or dated a billing statement addressed to Mrs. Whaley regarding Account 5959.  The statement reflected that $438.67 was due immediately.  The statement contained the following language, "**WE NEED YOUR IMMEDIATE ASSISTANCE TO RESOLVE AN OUTSTANDING ACCOUNT BALANCE WITH KELSEY-SEYBOLD CLINIC.  WE HAVE MADE SEVERAL ATTEMPTS TO COLLECT THIS BALANCE, AND YOUR ACCOUNT IS NOW CONSIDERABLY PAST DUE.**"(emphasis in original).  The letter went on to state, "**WE REGRET TO INFORM YOU THAT THIS IS OUR FINAL WRITTEN NOTICE TO YOU.  YOUR ACCOUNT WILL BE FORWARDED TO A COLLECTION AGENCY – UNLESS WE RECEIVE YOUR PAYMENT IN FULL WITHIN TEN BUSINESS DAYS FROM THE DATE ON THIS LETTER.  IF THE ACCOUNT BALANCE REMAINS UNPAID, IT COULD ADVERSELY AFFECT YOUR CREDIT RATING.**" (emphasis in original)

25. Mr. and Mrs. Whaley received Defendant's November 6, 2010 billing statement.

26. On December 2, 2010 Mr. Bivin, in response to Defendant's November 6, 2010 billing statement, drafted and mailed correspondence to Defendant at Defendant's address. The correspondence reminded Defendant of Mr. and Mrs. Whaley's bankruptcy filing and included a copy of the Notice of Bankruptcy Case Filing. The letter went on to state that the collection of any debts is stayed pending the outcome of Mr. and Mrs. Whaleys' bankruptcy.

27. On December 4, 2010, Defendant prepared and/or dated a billing statement addressed to Mrs. Whaley regarding Account 5959. The statement reflected that $438.67 was due immediately. The statement contained the following language, "**WE NEED YOUR IMMEDIATE ASSISTANCE TO RESOLVE AN OUTSTANDING ACCOUNT BALANCE WITH KELSEY-SEYBOLD CLINIC. WE HAVE MADE SEVERAL ATTEMPTS TO COLLECT THIS BALANCE, AND YOUR ACCOUNT IS NOW CONSIDERABLY PAST DUE.**"(emphasis in original). The letter went on to state, "**WE REGRET TO INFORM YOU THAT THIS IS OUR FINAL WRITTEN NOTICE TO YOU. YOUR ACCOUNT WILL BE FORWARDED TO A COLLECTION AGENCY – UNLESS WE RECEIVE YOUR PAYMENT IN FULL WITHIN TEN BUSINESS DAYS FROM THE DATE ON THIS LETTER. IF THE ACCOUNT BALANCE REMAINS UNPAID, IT COULD ADVERSELY AFFECT YOUR CREDIT RATING.**" (emphasis in original)

28.   Mr. and Mrs. Whaley received Defendant's December 4, 2010 billing statement.

29.   On December 18, 2010, Defendant prepared and/or dated a billing statement addressed to Mrs. Whaley regarding Account 7870. The statement reflected that $121.29 was due immediately. The statement contained the following language, "**WE NEED YOUR IMMEDIATE ASSISTANCE TO RESOLVE AN OUTSTANDING ACCOUNT BALANCE WITH KELSEY-SEYBOLD CLINIC. WE HAVE MADE SEVERAL ATTEMPTS TO COLLECT THIS BALANCE, AND YOUR ACCOUNT IS NOW CONSIDERABLY PAST DUE.**"(emphasis in original). The letter went on to state, "**WE REGRET TO INFORM YOU THAT THIS IS OUR FINAL WRITTEN NOTICE TO YOU. YOUR ACCOUNT WILL BE FORWARDED TO A COLLECTION AGENCY – UNLESS WE RECEIVE YOUR PAYMENT IN FULL WITHIN TEN BUSINESS DAYS FROM THE DATE ON THIS LETTER. IF THE ACCOUNT BALANCE REMAINS UNPAID, IT COULD ADVERSELY AFFECT YOUR CREDIT RATING.**" (emphasis in original)

30.   Mr. and Mrs. Whaley received Defendant's billing statement dated December 18, 2010.

31.   On January 1, 2011, despite the admonition that its November 6, 2010 and December 4, 2010 collection attempts would be its last (lest Mrs. Whaley suffer dire consequences), Defendant prepared and/or dated another billing statement addressed to Mrs. Whaley regarding account 5959. The statement reflected that $438.67 was due immediately. The statement contained the

7

following language, "**WE NEED YOUR IMMEDIATE ASSISTANCE TO RESOLVE AN OUTSTANDING ACCOUNT BALANCE WITH KELSEY-SEYBOLD CLINIC. WE HAVE MADE SEVERAL ATTEMPTS TO COLLECT THIS BALANCE, AND YOUR ACCOUNT IS NOW CONSIDERABLY PAST DUE.**"(emphasis in original). The letter went on to state, "**WE REGRET TO INFORM YOU THAT THIS IS OUR FINAL WRITTEN NOTICE TO YOU. YOUR ACCOUNT WILL BE FORWARDED TO A COLLECTION AGENCY – UNLESS WE RECEIVE YOUR PAYMENT IN FULL WITHIN TEN BUSINESS DAYS FROM THE DATE ON THIS LETTER. IF THE ACCOUNT BALANCE REMAINS UNPAID, IT COULD ADVERSELY AFFECT YOUR CREDIT RATING.**" (emphasis in original)

32. Mr. and Mrs. Whaley received Defendant's statement dated January 1, 2011.

33. The pre-petition claims held by Defendant are unsecured and nonpriority.

34. The filing of bankruptcy demonstrates the financial vulnerability of Mr. and Mrs. Whaley.

35. Mr. and Mrs. Whaley lack the resources necessary to police the conduct of Defendant and, hence, prevent the unique harm that has occurred.

36. The collection practices and/or actions of Defendant, as stated above, has resulted in a substantial amount of undue frustration, anxiety and mental anguish or distress on the part of Mr. and Mrs. Whaley, which is more than fleeting and inconsequential, and which is substantiated by the facts of this case alone, but is also manifested in the following ways, but not necessarily limited to:

    a.    Violation of the core bankruptcy rights and Constitutional rights.
    b.    A sense of failure.
    c.    A significant amount of stress.
    d.    Harassment.
    e.    A sense of embarrassment and discomfort that is greater than the general level of embarrassment and discomfort felt in filing bankruptcy or for the inability to pay a debt or bill.

## VIOLATIONS OF THE AUTOMATIC STAY PROVISIONS

37.    The allegations contained above under the heading *Facts and Background* are reasserted as if fully set forth herein for this cause of action.

38.    11 U.S.C. § 362(k)(1) provides Mr. and Mrs. Whaley the right to sue for violations of the automatic stay.

39.    The automatic stay is essentially a court order and an injunction.

40.    Therefore, the automatic stay is also enforceable pursuant to 11 U.S.C. §105.

41.    As it pertains to this cause of action:

    a.    In 11 U.S.C. § 362(k)(1) Congress gave Mr. and Mrs. Whaley, the right to sue for violations of the automatic stay.

    b.    11 U.S.C. § 101(12) defines "debt" as a liability on a claim, and "claim" is defined by § 101(5).

    c.    11 U.S.C. § 102(2) defines "claim against the debtor".

    d.    11 U.S.C. § 101(10) defines the term "creditor".

    e.    11 U.S.C. § 541(a) defines what is property of the estate.

42.    The 5th Circuit has repeatedly stated the three requirements to establish liability under § 362(k)(1). *In re Chesnut*, 422 F.3d 298, 302 (5th Cir. 2005);

*Campbell v. Countrywide*, 545 F.3d 348, 355 (5th Cir. 2008); and, *In re Repine*, 536 F.3d 512, 519 (5th Cir. 2008).

    a.    The existence of the automatic stay was known by the Defendant in that Defendant was made aware of the existence of this bankruptcy;

    b.    The acts described on the part of Defendant were intentional, meaning what is relevant is not the intent to violate the automatic stay, but rather the intent to commit the act that violated the automatic stay; (It is clear, on the face of each statement sent, the Defendant's intent was to collect its pre-petition claims) and,

    c.    The acts of Defendant violated 11 U.S.C. § 362(a)(1), and (6) for which no exception exists under 11 U.S.C. § 362(b).

43.    No good faith exceptions exist for the violations.

44.    No present inability to comply with the automatic stay beyond a mere allegation of inability existed on the part of Defendant.

45.    Mr. and Mrs. Whaley do not intend to reaffirm the claims owed to Defendant and have not reaffirmed Defendant's claims.

46.    Mr. and Mrs. Whaley have not voluntarily paid Defendant for its pre-petition claims.

## **ENFORCING THE INJUNCTION(S) OR ORDER(S) OF THE COURT**

47.    The allegations contained above under the heading *Facts and Background* are reasserted as if fully set forth herein for this cause of action.

48. Due to Defendant's collection practices and/or actions, Mr. and Mrs. Whaley believe that it is now necessary for this Court to take extraordinary action to enforce the injunctions, orders and Code and Rule provisions granted by their bankruptcy. Therefore, Mr. and Mrs. Whaley request this Court to:

   a. Find Defendant in contempt for failing to abide by the orders, injunctions, Bankruptcy Code or Rules pursuant to 11 U.S.C. § 105;

   b. Issue any declaratory judgment to determine the threshold questions of law, facts, rights, claims, or debts of all parties to this adversary proceeding, the violation(s) of Defendant, the jurisdiction of this Court and/or any actual controversy that may exist, including but not necessarily limited to declaring that Account 7870 and Account 5959 are both pre-petition claims that cannot be collected by Defendant; and/or

   c. Issue any further or more specific injunctions to better define or curtail the acts or conduct of Defendant in the future pursuant to 11 U.S.C. § 105, including but not necessarily limited to enjoining Defendant from any and all further collection actions now and in the future and enjoining Defendant from providing inaccurate information regarding Account 7870 and Account 5959 to any credit reporting bureaus.

## **DAMAGES**

49. The allegations contained above under the heading *Facts and Background* are reasserted as if fully set forth herein for this cause of action.

50. The fresh start promised to Mr. and Mrs. Whaley would be hardly made whole simply by an order that repeats the law, rules and injunctions with which Defendant already did not comply. This makes damages necessary.

51. Each cause of action above allows or requires the award of damages.

### **Personal Damages**

52. Mr. and Mrs. Whaley seek an award of actual damages to cover the value of any loss, any out-of-pocket expenses or cost incurred, including the value of the personal time of Mr. and Mrs. Whaley in having to deal with the conduct and actions of Defendant, and in having to participate in this adversary proceeding.

### **Attorneys' Fees And Costs**

53. It was necessary to employ Charles (Chuck) Newton and his law firm, Charles Newton and Associates, to represent Mr. and Mrs. Whaley in advising, preparing and participating in this adversary proceeding. Mr. and Mrs. Whaley request this Court to award to Chuck Newton and his law firm all attorneys' fees, costs and expenses due and owing, and which will become due and owing expended as a result of this representation.

54. Mr. Bivin represents Mr. and Mrs. Whaley in the above-stated bankruptcy. The firm has been required to expend on behalf attorneys' fees and costs in regard to the specific matters stated above, as well as assisting Chuck Newton in his duties in this regard. These duties should reasonably be outside of the firm's normal or typical duties in regard to representing Mr. and Mrs. Whaley in this bankruptcy case. Mr. and Mrs. Whaley request this Court to award to Mr. Bivin

all attorneys' fees and costs expended, and which will be expended as a result of prosecuting this adversary proceeding to conclusion.

### Emotional Distress

55.    Damages for emotional distress are sought by Mr. and Mrs. Whaley.

### Prejudgment Interest and Post judgment interest

56.    An award of prejudgment interest is being sought by Mr. and Mrs. Whaley.

57.    An award of post judgment interest is being sought by Mr. and Mrs. Whaley.

### Punitive Damages

58.    Punitive damages should be awarded to Mr. and Mrs. Whaley.

WHEREFORE, PREMISES CONSIDERED, it is the prayer of Plaintiffs, Mr. and Mrs. Whaley, that the Court will:

1.    Find that Defendant violated one or more of the automatic stay provisions in the underlying bankruptcy;

2.    Find that the violation of the automatic stay by Defendant was or is "willful" and/or intentional;

3.    Enforce the order(s), rule(s) and injunction(s) of this Court or the Bankruptcy Code or Rules as necessary, including, but not limited to, a finding of contempt on the part of Defendant, the issuance of any declaratory judgment, and/or the issuance of any injunction;

4. Sanction or award against Defendant all actual damages for all financial and non-financial harm or injury incurred by Mr. and Mrs. Whaley;

5. Sanction or award against Defendant and to Mr. and Mrs. Whaley, and for the benefit of Chuck Newton, all of the attorneys' fees, costs and expenses incurred with Chuck Newton, and the law firm of Charles Newton & Associates, in representing Mr. and Mrs. Whaley in these matters;

6. Sanction or award against Defendant and to Mr. and Mrs. Whaley, and for the benefit of Mr. William W. Bivin, all of the attorneys' fees, costs and expenses incurred by the law firm in representing Mr. and Mrs. Whaley in the matters particular to this adversary proceeding;

7. Sanction or award against Defendant and to Mr. and Mrs. Whaley emotional distress damages;

8. Sanction or award against Defendant and to Mr. and Mrs. Whaley punitive damages;

9. Award prejudgment interest and post judgment interest to Mr. and Mrs. Whaley; and

10. Grant any and all other relief in equity or in law to which Mr. and Mrs. Whaley may be entitled.

> Respectfully submitted,
>
> */s/ Charles (Chuck) Newton*
> **CHARLES (CHUCK) NEWTON**
> Texas Bar No. 14976250
> **CHARLES NEWTON & ASSOCIATES**
> 190 N. Millport Circle

        The Woodlands TX 77382
        Phone (281) 681-1170, Ext. 3
        Fax (281) 715-5755
        Email chuck@chucknewton.net

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Complaint was served on the following parties, not otherwise served by summons, via electronic means, if possible, otherwise by the means stated below:

| | |
|---|---|
| Brett Lee Whaley | MAIL (First Class) |
| Christal Dawn Whaley | FAX (No) |
| *Debtors / Plaintiffs* | EMAIL (No) |
| 21566 Kings Bend Drive | |
| Kingwood TX 77339 | |
| | |
| William W. Bivin | MAIL (No) |
| *Bankruptcy Atty. for Mr. and Mrs. Whaley* | FAX (No) |
| 1422 Stonehollow Suite A | EMAIL wbivin@bivinlaw.com |
| Kingwood TX 77339-2495 | |
| | |
| Joseph M. Hill | MAIL (No) |
| *Chapter 7 Trustee* | FAX (No) |
| 5851 San Felipe, Suite 950 | EMAIL (Yes) |
| Houston TX 77057 | |
| | |
| Office of the United States Trustee | MAIL (No) |
| 515 Rusk Avenue, Suite 3516 | FAX (No) |
| Houston TX 77002 | EMAIL (Yes) |

DATED: January 26, 2011

        */s/ Charles (Chuck) Newton*
        **CHARLES (CHUCK) NEWTON**